Stanley D. Saltzman, Esq. (SBN 90058)
Joel M. Gordon, Esq. (SBN 280721)
**MARLIN & SALTZMAN, LLP**
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Fax: (818) 991-8081
ssaltzman@marlinsaltzman.com
jgordon@marlinsaltzman.com

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIVE LEWIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC.; and DOES 1 through 10 inclusive,<br><br>Defendants. | **CASE NO.**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Violation of California Consumers Legal Remedies Act (CLRA)<br>2. Violation of California False Advertising Law (FAL)<br>3. Violation of California Unfair Competition Law (UCL)<br>4. Negligent Misrepresentation Civ. C.§§ 1709, 1710, 1711 & 1714<br>5. Fraud and Deceit<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Clive Lewis ("Plaintiff"), by and through his undersigned counsel, on behalf of himself in his individual capacity and a nationwide class of all other similarly situated consumers, against Defendant Albertsons Companies, Inc. ("Defendant"), alleges as follows:

/ / /

## NATURE OF THE ACTION

1.      This is a class action brought by Plaintiff on behalf of a putative class ("Class"), as more fully defined below, of similarly situated consumers nationwide, seeking to redress the pervasive pattern of deceptive, false, misleading, and otherwise improper advertising, sales and marketing practices that Defendants have engaged in with regard to their Signature Select brand of club soda ("Product").

2.      It is hereby alleged that the packaging containing the twelve-pack box of the Product was fraudulent and misleading because the box ("Outer Packaging") clearly displayed false information about the sodium level of the Product. From at least January 2021 until September of that same year, the Outer Packaging stated that the Product contained "0 mg" of sodium. However, the can itself noted that the Product, in fact, contained 40 mg of sodium, not 0 mg. Consumers could not look at the can without purchasing the Product.



3.      During most of 2021, this misleading packaging was an inducement for consumers to buy this Product as compared to competitor's products, and in fact,

consumers relied upon the claim of "0 mg" sodium in deciding to purchase the Product instead of aa competitor's brand of club soda.  The misleading packaging did induce Plaintiff and the putative class members to purchase the Products because they believed they were getting a product without sodium, which millions of American consumers, either on the advice of their physicians or otherwise, need to limit or omit from their diet.

4.      Defendant knew they were misleading consumers in this way and did it purposefully to mislead in order to gain a larger market share for the Product.

5.      By order of the Food Drug and Cosmetics Act ("FDCA"): "A statement of the number of milligrams of sodium in a specified serving of food expressed as zero when the serving contains less than 5 milligrams of sodium, to the nearest 5-milligram increment when the serving contains 5 to 140 milligrams of sodium, and to the nearest 10-milligram increment when the serving contains greater than 140 milligrams." 21 C.F.R. 101.61. According to the notation on the Product's can, found inside the Outer Packaging, the amount of sodium contained by the Product is 40 mg.



6.      Furthermore, club soda is by definition a product that contains some portion of dissolved salts. Without sodium, a product labeled "club soda" would actually be seltzer or sparkling water. The ingredients listed on the Product's can include carbonated water and sodium citrate. Despite listing sodium as an ingredient, the Outer Packaging still fraudulently, and in defiance of the FDCA, claims that the Product contains 0 mg of sodium.

7.      In addition to misleading consumers with fraudulent labeling on its Outer Packaging, Albertsons, even after supposedly discontinuing the fraudulent labeling in September 2021, advertised the Product via its web site, in all thirty-eight states that contain one of Defendant's stores, with the same fraudulent information, including a picture of the Outer Packaging displaying the "0 mg" of sodium claim, and "0 mg sodium (0% DV)" listed in the "Details" section of the Product's web page.



8.      Plaintiff brings this action, on behalf of himself and all others similarly situated, alleging violations of the FAL (Cal. Bus. & Prof. Code § 17500, et seq.) for injunctive relief to restore to any person in interest any money which was acquired in violation of FAL; violations of the UCL (Cal. Bus. & Prof. Code § 17200 et seq.) for

disgorgement of profits restitution and injunctive relief to enjoin defendants from engaging in this unlawful marketing scheme; violations of the CLRA (California Civil Code § 1750, et seq.) for actual damages and punitive damages; Negligent Misrepresentation (California Civil Code §§ 1709, 1710, 1711 & 1714) for damages; and Fraud & Deceit (California Civil Code §§ 1709, 1710, 1711 & 1714) for damages and punitive damages.

## JURISDICTION

9.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d) because at least one member of the putative Class is a citizen of a State other than that of the Defendant, there are more than 100 Class members, and the damages suffered and sought to be recovered herein total, in the aggregate, in excess of $5,000,000.00, exclusive of interest and costs.

10.     This Court has personal jurisdiction over Defendant because it purposefully availed itself of the privilege of conducting business activities within this District by placing in the stream of commerce the Product for sale within the State of California, and it has generally maintained systematic and continuous business contacts with California.

11.     The Court has original jurisdiction under the Class Action Fairness Act ("CAFA") and/or supplemental jurisdiction under 28 U.S.C. § 1367.

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c) as many of the acts complained of herein occurred in this District and gave rise to the claims alleged and Defendant conducts business in this District. In addition, Plaintiff resides within this District and purchased the Product while residing in this District.

## PARTIES

*Plaintiff*

13.     Clive Lewis is an individual consumer and resident of Calabasas, California. On multiple occasions during the class period, Plaintiff purchased a 12-pack case of Defendant's Signature Select Club Soda at the Pavilions grocery store in

West Hills, California. Plaintiff purchased the Product because it was advertised as containing 0 mg of sodium. Plaintiff carefully limits his intake of sodium, in general, and specifically purchased the Product instead of other brands of club soda because he believed that the Product contained no sodium. His most recent purchase of the Product was in June of 2021.

***Defendant***

14.     Albertsons Companies, Inc. is a food and drug retailer in the United States, operating 2,278 retail stores, along with 22 dedicated distribution centers and 20 manufacturing facilities. Defendant operates stores across 34 states and the District of Columbia, under 20 different banners, including Pavilions. On information and belief, Plaintiff alleges that all of these stores, including Pavilions, stock the Product. Defendant also operates a web site that advertises sale of the Product. The corporate headquarters for Albertsons Companies, Inc. is located in Boise, Idaho.

15.     The true names and capacities whether individual, corporate, associate or otherwise of Defendant DOES 1 through 10, inclusive, are unknown to Plaintiff at this time.  Plaintiff will amend this Complaint to show their true names and capacities once they are ascertained.  Plaintiff is informed and believe, and based thereon allege, that each of said fictitious defendants are responsible in some manner for the acts and occurrences set forth herein, and that the injuries and damages alleged herein were and are the direct and proximate result of the actions of these defendants.  Plaintiff makes all allegations contained in this Complaint against Defendants, and each of them, including DOES 1 through 10, inclusive.

16.     The use of the term "Defendant" or "Defendants" in any of the allegations in this Complaint, unless specifically alleged otherwise, is intended to include and charge, both jointly and severally, not only the Defendants identified in this Complaint, but also all Defendants designated as DOES 1 through 10, inclusive, as though the term "Defendants" was followed in each and every instance throughout this Complaint with the phrase "and each of them jointly and severally," including all named

Defendants and Defendants included herein and sued under the fictitious names of DOES 1 through 10, inclusive.

17.     Plaintiff is informed and believe, and based thereon allege, that Defendants, at all times herein mentioned, were the partners, joint venturers, subsidiaries, successors in interest, managing agent, merged entities, agents, alter egos, part of a jointly owned, managed, and/or operated business enterprise, and/or employees of each other Defendant and in doing the acts, omissions, and things alleged herein were acting as such and within the scope of their authority as such agents and employees and with the permission and consent of all other Defendants.  Plaintiff is informed and believe, and based thereon alleges, that Defendants have, and at all times herein mentioned had, a joint economic and business interest, goal and purpose in the Product that is subject of this lawsuit.

**FACTUAL ALLEGATIONS**

18.     On multiple occasions prior to June, 2021, Plaintiff purchased a 12-pack case of the Product at the Pavilions grocery store in West Hills, California. Plaintiff purchased the Product because it was advertised as containing 0 mg of sodium. Plaintiff carefully limits his intake of sodium, in general, and specifically purchased the Product instead of other brands of club soda because he believed that the Product contained no sodium.

19.     In June 2021, Plaintiff realized that the Product in fact contained sodium after looking at the small print on the can, which differed from the labeling on the outer packaging. He stopped purchasing the Product afterwards, though he would have continued to use the Product if it had indeed contained 0 mg of sodium as advertised.

20.     On information and belief, the outer label of the Product, which advertised the Product as containing "0 mg of sodium" was printed at a distribution plant that served various Western states in the country, including California. Aside from California, Plaintiff is not aware to which Western states Albertsons sent the mislabeled product.

21.     On August 17, 2021, Plaintiff sent Defendant a letter pursuant to the notice requirements in the Consumers Legal Remedies Act ("CLRA"). In the letter, Plaintiff outlined the violations discussed above and demanded the following remedy from Albertsons:

- Identify or make a reasonable attempt to identify members of the Class;
- Calculate the amounts owed to each member of the Class;
- Notify each member of the Class of the amount(s) due, and refund in cash to each member of the Class the amount(s) due plus interest at the statutory rate of 10% per annum running from the date such amounts were paid;
- Cease the false and deceptive advertising campaign for the Product; and
- Pay all of the Plaintiff's legal fees and costs incurred to date.

22.     Following two months of discussions, Plaintiff was informed that Albertsons, as a result of Plaintiff's CLRA letter, stopped printing the false label and took down the claims of "0 mg sodium" for the product from its web site. On January 28, 2022, the Parties met for an early mediation via Zoom, with Bruce A. Friedman of JAMS. The mediation was unsuccessful.

23.     Despite correcting the labeling "mistake" in reaction to the threat of a CLRA action, Albertsons at no time offered any of the other remedies demanded in the notice letter. Following an initial call on October 7, 2021 call with Plaintiff's counsel, the false information was taken down from the nationwide Albertsons web site. However, no attempt was made to identify members of the class, to calculate the amounts owed to each member of the class, or to notify Class members of the amount due as a refund.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 in their representative capacity on behalf of himself and a nationwide class of other similarly situated consumers.   Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Class may be expanded

or narrowed.  The putative Classes are defined as follows:

> All individual nationwide consumers who purchased one or more of Defendant's Signature Select Club Soda 12-Pack showing "0 mg" of sodium on its Outer Packaging, within the statutory period.

25.   Excluded from the Classes are:  (1) Defendants, Defendants' subsidiaries, affiliates, officers, directors, assigns and successors, and any entity in which Defendants have a controlling interest; (2) the Judicial officer presiding over this matter and his or her immediate family; (3) judicial staff; (4) jurors; (5) anyone who purchased a Product solely for the purpose of resale; (6) federal, state or local governmental entities; and (7) anyone asserting claims for personal injury.  Plaintiff reserves the right to modify the Class and Subclass definitions as further investigation and/or discovery so warrant.

26.   Plaintiff propose that this case should be maintained as a class action under Fed. R. Civ. P. 23 because it meets the requirements of Fed. R. Civ. P. 23(a) and also satisfies Fed. R. Civ. P. 23(b)(3).  Plaintiff also believes this case could be certified under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(c)(4).  Without prejudice to raising alternative arguments for certification under either Fed. R. Civ. P. 23(b)(1), 23(b)(2) and 23(c)(4), the following facts, amongst others, demonstrate that this case is entitled to be maintained under Fed. R. Civ. P. 23(a) and 23(b)(3).

27.   **Numerosity**:  The Class is so numerous that joinder of all members is impractical.  The total membership of the Class is presently unknown to Plaintiff at this time; however, it is estimated that there are more than one thousand (1,000) individuals in the Class.  The identity of such membership is readily ascertainable via inspection of Defendants' books and records or other approved methods.  Class members may be notified of the pendency of this action by U.S. or electronic mail, internet postings, social media and/or publication.

28.   **Commonality**:  Common questions of law and fact exist as to all members of the Class.  These common questions predominate over any questions

affecting only individual Class Members.  These common legal and factual questions include, but are not limited to:

    a) whether Defendant misrepresented (or omitted) material facts in connection with the promotion, marketing, advertising, packaging, labeling, and sale of the Product;

    b) whether Defendant's practices are deceptive or likely to deceive reasonable consumers;

    c) whether Defendant's conduct is unethical, oppressive, unscrupulous, and/or substantially injurious to consumers;

    d) whether Defendant knowingly advertised the Product with intent not to sell them as advertised;

    e) whether Defendant's acts and practices in connection with the promotion, marketing, advertising, packaging, labeling, distribution, and sale of the Product violated the laws alleged herein;

    f) whether Plaintiff and Class are entitled to injunctive and other equitable relief;

    g) whether Defendant are unjustly enriched by their conduct; and

    h) whether Plaintiff and the Class have sustained monetary loss and the proper measure of that loss.

29. **Typicality**:  Plaintiff's claims are typical of the claims of the other members of the Class because, amongst other things, Plaintiff and all Class members were comparably injured through Defendants' misconduct at issue herein.  As alleged herein, Plaintiff, like the members of the Class, purchased the Products after exposure to the same material misrepresentations and/or omissions in Defendant's "0 mg sodium" labeling. Plaintiff's claims are thereby representative of and co-extensive with the claims of each member of the Class.

30. **Adequacy**:  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has no interests that are antagonistic to

or in conflict with the interests of other putative Class Members and are subject to no unique defenses.  Plaintiff is similarly situated in interest to all members of the putative Class and is committed to the vigorous prosecution of this action and has retained competent counsel, experienced in complex class action litigation.  Moreover, putative Class Counsel are experienced consumer class action litigators who have brought and successfully resolved and/or tried numerous consumer class actions on behalf of California and nation-wide classes in state and federal courts.

31.    **Predominance**:  Defendant has acted, and/or refused to act, on grounds generally applicable to the Class. The common questions of law set forth above are numerous and substantial and stem from Defendant's practices applicable to each individual Class Member. As such, these common questions predominate over individual questions concerning each individual Class member's

32.    **Superiority**: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all members is impracticable.  The injury suffered by each individual Class Member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's deceptive conduct.  It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for those parties and the judicial system.

33.    **Injunctive Relief Appropriate**: Injunctive relief under Rule 23(b) is necessary and appropriate to require Defendant, if it has not already done so, to: (a) discontinue advertising, marketing, packaging and otherwise representing that the Product contains 0 mg of sodium; (b) undertake an immediate public information campaign to inform members of the putative Class as to its prior practices; and (c) to correct any erroneous impression consumers may have derived concerning the Product's sodium content, including without limitation, the placement of corrective

advertising and providing written notice to the public.

## FIRST CAUSE OF ACTION

**Violation of Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750,** *et seq.*
**(Asserted on Behalf of the California Subclass)**

34.     Plaintiff hereby incorporates all preceding and succeeding paragraphs as though fully set forth herein.

35.     The Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq.* (hereafter "CLRA"), was designed and enacted to protect consumers from unfair and deceptive business practices.   To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in Civil Code § 1770.

36.     Plaintiff has standing to pursue these claims because he has suffered injury in fact and a loss of money and/or property as a result of the wrongful conduct alleged herein.   Plaintiff would not have purchased the Product if he had known the truth.

37.     Plaintiff suffered injury in fact and a loss of money and property with each purchase because he bought the Product believing that it contained no sodium when, in fact, the each can of club soda contained 45 mg of sodium.

38.     Plaintiff suffered injury in fact and a loss of money and property with each purchase because he lost the opportunity to purchase and consume a product that truly contained no sodium.

39.     The CLRA applies to Defendant's conduct and actions described herein because Defendant is a "person" within the meaning of California Civil Code §§ 1761(c) and 1770, and provides "goods" within the meaning of Civil Code §§ 1761(a) and 1770.   Purchasers of the Products, including Plaintiff and Class Members, are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770.   Each purchase of the subject Product(s) by Plaintiff and every Class member constitutes a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

40.     The policies, acts, and practices described in this Complaint were

intended to result in the sale of the Product to consumers.

41.    Defendant made representations and material omissions regarding the Product's sodium content that they knew, or should have known, were deceptive and likely to cause consumers to buy the Product in reliance upon said representations.

42.    Defendant has a duty not to mislead consumers about the sodium content in its products.

43.    Defendant's misrepresentation regarding the sodium content of the Product was material, in that a reasonable person would have considered it important in deciding whether or not to purchase the Product.

44.    Defendant's concealment, omissions, misrepresentations, and deceptive practices, in violation of the CLRA, were designed to induce Plaintiff and Class Members to purchase the Product and to conceal the true sodium content of the Product.

45.    Defendant's acts, practices, representations, omissions, and courses of conduct with respect to the marketing, advertising, promotion, and sale of the Product violate the CLRA in that, among other things: Defendant's active concealment of material facts violates § 1770(a)(9) because Defendants knowingly advertised goods with intent not to sell them as advertised.

46.    Defendant's acts and practices, undertaken in transactions intended to result and which did result in the purchase of their Products by consumers, violate Civil Code § 1770 and caused harm to Plaintiff and Class Members who would not have purchased the Product, and would have instead purchased one of several other "0 mg sodium" products currently on the market, had they known about the Product's actual sodium content.

47.    Defendant's sodium content labeling is misleading because it leads reasonable consumers, including Plaintiff and Class Members to believe that they are getting a Product that contains 0 mg of sodium rather than 45 mg.

48.    Defendant intended to do the act that was deceptive, namely to market,

advertise and sell their Product with a fraudulent claim that it contained 0 mg of sodium.

49. To this day, Defendant continues to engage in this conduct both in its stores and on its nationwide web site.

50. In accordance with Civil Code § 1780(a), Plaintiff and the Class seek injunctive and equitable relief for violations of the CLRA, including restitution and disgorgement.

51. Venue is proper pursuant to Civil Code § 1780(c) because Defendant does business in the county where this action was originally filed, and Plaintiff both resides in this District and purchased the Product therein..

52. On August 7, 2021, Plaintiff mailed Defendant a notice of its deceptive acts and practices, and a demand in accordance with Civil Code §§ 1782(a) and (d).

53. Plaintiff and the Class further request actual damages, punitive damages, treble damages, statutory damages, costs, attorneys' fees and such other relief as the Court deems necessary and proper to deter and punish Defendant's conduct.

## SECOND CAUSE OF ACTION

### False Advertising
### in Violation of Bus. & Prof. Code §§ 17500, *et seq.*
### (Asserted on Behalf of the California Subclass)

54. Plaintiff hereby incorporates all preceding and succeeding paragraphs as though fully set forth herein.

55. By committing the acts alleged in this Complaint, Defendant has violated Bus. & Prof. Code § 17500, *et seq.* Plaintiff has standing to pursue these claims because, *inter alia*, he has suffered injury in fact and a loss of money and/or property as a result of the wrongful conduct alleged herein. Plaintiff, believing the Product contained "0 mg sodium," as noted on its packaging, would not have purchased the Product if he had known the truth about its sodium content.

56. As a direct and proximate result of Defendants' conduct, Plaintiff has

suffered injury in fact because, *inter alia*:   (a) Plaintiff and Class were induced to purchase Product they would not have otherwise purchased had they known the true sodium content; (b) Plaintiff and Class were induced to pay substantially more for Product than they would have paid had they known the true sodium content; and/or (c) Plaintiff and the Class were induced to purchase the Products because of Defendants' false claims about sodium content.

57.   Pursuant to Bus. & Prof. Code §§ 17535, Plaintiff and the Class seek an order of the Court enjoining Defendants from continuing to make and disseminate illegal, misleading and/or untrue statements in their pricing practices and to order Defendant to disclose such misrepresentations and inform the public accordingly. Plaintiff, the Class and the public will be irreparably harmed if such an order is not granted.

58.   Pursuant to Bus. & Prof. Code §§ 17203 and 17535, Plaintiff and the Class seek restitution and/or disgorgement under Bus. & Prof. Code § 17500, *et seq.*

### THIRD CAUSE OF ACTION

**Unlawful, Unfair and/or Fraudulent Business Practices
in Violation of Bus. & Prof. Code §§ 17200,** *et seq.*
**(Asserted on Behalf of the California Subclass)**

59.   Plaintiff hereby incorporates all preceding and succeeding paragraphs as though fully set forth herein.

60.   California Bus. & Prof. Code § 17200 prohibits acts of unfair competition, which include any "unlawful, unfair or fraudulent business practice." The conduct described herein is ongoing and constitutes unfair, unlawful, fraudulent business acts and practices within the meaning of Bus. & Prof. Code § 17200.

61.   Plaintiff has standing to pursue these claims because, *inter alia*, he has suffered injury in fact and a loss of money and/or property as a result of the wrongful conduct alleged herein.   Plaintiff would not have purchased the Product and/or paid as much for it if he had known the truth about its sodium content.

62.     Defendant's conduct is unlawful because it is in violation of Bus. & Prof. Code §§ 17200, 17500, and 17533.8; the CLRA; California Health & Safety Code §§ 110290, 110295, 110385, 110390, 110395, 110398 and 110660 *et seq.*; in addition to potentially other statutory violations that will be added.

63.     By committing the acts alleged in this Complaint, Defendant has engaged in unfair business practices, in violation of the Unfair Practices Act, Bus. & Prof. Code §§ 17200, *et seq.*  Defendant's conduct is unfair because, amongst other things, it is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and/or any utility of such practices is outweighed by the harm caused to consumers, including to Plaintiff, the Class and the public.  There are less harmful alternatives available to Defendant to sell Products.

64.     By committing the acts alleged in this Complaint, Defendant has engaged in fraudulent business practices, in violation of the Unfair Practices Act, Bus. & Prof. Code §§ 17200, *et seq.*  Defendant's practices constitute fraudulent business practices because, amongst other things, they are likely to deceive reasonable consumers, including Plaintiff and the Class, and Defendant failed to disclose material facts.

65.     Reasonable consumers had no way of knowing that Defendant was engaging in false, deceptive, misleading advertising, and therefore could not have reasonably avoided the injuries they suffered.

66.     Defendant's wrongful conduct complained of herein is ongoing and part of a generalized pattern or course of conduct repeated on thousands of occasions daily. Defendant's representations and omissions were made with knowledge or reckless disregard of the laws of California prohibiting false and misleading statements and advertising, as well as the reasonable expectations of public consumers.

67.     Pursuant to California Business and Professions Code § 17203, Plaintiff and the consumers that they seek to represent are therefore entitled to:  (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) restitution and/or disgorgement; (c) interest; and (d) attorneys' fees and costs pursuant

to Cal. Code Civ. P. § 1021.5.

## FOURTH CAUSE OF ACTION

### Negligent Misrepresentation

### Cal. Civil Code §§ 1709, 1710, 1711 & 1714

68.     Plaintiff hereby incorporates all preceding and succeeding paragraphs as though fully set forth herein.

69.     As described in the "Parties" and "Factual Allegations" paragraphs above, Defendant misrepresented that the Product contained 0 mg of sodium per can when in fact it contained 45 mg.

70.     At the time Defendant proffered t misrepresentations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

71.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about the Product's sodium content.

72.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the Product.

73.     Plaintiff and Class members would not have purchased the Product if the true facts had been known to them, and thus the actions of Defendant caused damages to Plaintiff and Class members.

74.     Plaintiff, on behalf of himself and Class members, seek (a) damages, (b) attorneys' fees pursuant to Cal. Code of Civil Procedure § 1021.5, (c) interest, in addition to any other relief that the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

### Fraud & Deceit

### Cal. Civil Code §§ 1709, 1710, 1711 & 1714

75.     Plaintiff hereby incorporates all preceding and succeeding paragraphs as

though fully set forth herein.

76.     As described in the "Parties" and "Factual Allegations" paragraphs above, Defendant misrepresented that the Product contained 0 mg of sodium per can when in fact it contained 45 mg.

77.     The misrepresentations and omissions made by Defendant were made with knowledge of their falsehood, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase these products.

78.     The fraudulent and deceitful actions of Defendant caused damages to Plaintiff and the Class members.

79.     Plaintiff, on behalf of himself and Class members, seek (a) actual damages, (b) punitive damages, (c) attorneys' fees pursuant to Cal. Code of Civil Procedure § 1021.5, (d) interest, in addition to any other relief that the Court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated individuals, prays for judgment as follows:

A. Certification of the Class under Fed. R. Civ. P. 23, and appointment of Plaintiff as representative of the Class, and his counsel as Class Counsel;

B. Declaration that Defendant's conduct was deceptive and/or had a likelihood to deceive consumers and/or harm the general public;

C. A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant, if it has not already done so, to: (1) discontinue advertising, marketing, and otherwise representing that the Product has 0 mg of sodium; (2) undertake an immediate public information campaign to inform consumers, the general public, and members of the putative Class about Defendant's prior practices; and (3) to correct any erroneous impression consumers or the general public may have derived regarding the

Product's sodium content, including without limitation, the placement of corrective advertising and providing written notice to the public;

D. An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this Court to be unlawful, fraudulent or unfair business act or practice, a violation of law, statutes or regulations, or constituting unfair competition or false advertising;

E. Distribution of any money recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery, where necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

F. Compensatory and other damages for economic and non-economic damages identified herein, including all damages allowed by governing statutes;

G. Statutory and pre-judgment and post-judgment interest on any amounts;

H. Reasonable attorneys' fees as may be allowable under applicable law;

I. Costs of this suit; and

J. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED:  April 8, 2022                         **MARLIN & SALTZMAN, LLP**

By:  s/ Joel M. Gordon
                    Stanley D. Saltzman
                    Joel M. Gordon
Counsel for Plaintiff and the Putative Class

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury with respect to all issues so triable.

Respectfully Submitted,

DATED:  April 8, 2022            **MARLIN & SALTZMAN, LLP**

By:  s/ Joel M. Gordon
                Stanley D. Saltzman
                Joel M. Gordon

Counsel for Plaintiff and the Putative Class