Stanley D. Saltzman, Esq. (SBN 90058)
Joel M. Gordon, Esq. (SBN 280721)
**MARLIN & SALTZMAN, LLP**
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Fax: (818) 991-8081
ssaltzman@marlinsaltzman.com
jgordon@marlinsaltzman.com

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIVE LEWIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC.; and DOES 1 through 10 inclusive,<br><br>Defendants | **CASE NO. 2:22-cv-02453-ODW (RAOx)**<br><br>**PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION AND UNOPPOSED *EX PARTE* APPLICATION TO EXTEND DEADLINE TO FILE OPPOSITION TO DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION TO DISMISS**<br><br>Judge:     Hon. Otis D. Wright II<br><br>Action Filed: April 12, 2022<br>Trial Date:   None |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff CLIVE LEWIS ("Plaintiff") hereby applies to the Court for an *ex parte* order, pursuant to Local Rules 7-10 and 7-19, to extend the date to file an Opposition to Defendant ALBERTSONS COMPANIES INC.'S ("Defendant") Motion to Dismiss. (Dkt. 18)

A copy of this Notice and accompanying attachments have been sent to Defendant's counsel via email.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, Declaration of Joel M. Gordon, and Proposed Order. This application is being filed *ex parte* because the deadline Plaintiff wishes to extend passed seven days ago and Rule 6(b)(1)(B) requires a party to bring a motion to extend a deadline that has already passed by reason of excusable neglect.

DATED:  July 8, 2022         **MARLIN & SALTZMAN, LLP**

By: <u>  s/ Joel M. Gordon          </u>
      Stanley D. Saltzman
      Joel M. Gordon

Counsel for Plaintiff and the Putative Class

## I. INTRODUCTION

Plaintiff Clive Lewis ("Plaintiff") moves *ex parte* to extend the deadline for his opposition to Defendant Albertsons Companies, Inc.'s ("Defendant") motion to dismiss from July 1, 2022 to July 14, 2022. In agreement with Defendant, Plaintiff also moves to extend the reply deadline to August 4, 2022, and the hearing date to the first available date following the parties' recently scheduled mediation session on September 13, 2022. Subject to the Court's availability, the rescheduled hearing date would be September 19 or September 26.

Due to excusable neglect, namely a calendaring error that led Plaintiff's counsel to believe that the opposition rather than the reply was due on July 11, 2022, Plaintiff was late in filing the document. See Declaration of Joel M. Gordon in support of *ex parte* motion, ¶ 2. In order to keep from prejudicing Defendant, Plaintiff reached out to Defendant immediately after recognizing the error to discuss stipulating to a new hearing and reply date. Id., ¶ 3. Having recently scheduled a mediation session for September 13, 2022, Defendant suggested moving the hearing date on this motion until the second half of September, with the opposition due on July 14, 2022 and the reply due on August 4, 2022. Plaintiff agreed to these new dates. Id., ¶ 4.

## II. ARGUMENT

FRCP 6(b)(1) states, "When an act may or must be done within a specified time, the court may, for good cause, extend the time: ... (B) on motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court has stated that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Investment Servs*. Co., 507 U.S. at 392.

Courts generally consider four factors when determining whether negligence is excusable: "(1) the danger of prejudice to the opposing party; (2) the length of the

delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Securities Litigation*, 496 F.3d 962, 973 (9th Cir. 2007) (internal quotation marks and citations omitted). The Court though has wide discretion in granting or denying a 6(b)(1)(B) motion. See *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 675 (9th Cir. 1975).

### a. No Danger of Prejudice to Defendant

Aside from the hearing for the Motion to Dismiss, there are no other pending deadlines in this case. Moving the dates for both the hearing and reply briefs ahead by another month to accommodate for the late filing would not prejudice the Defendant. If the hearing date is moved ahead, Defendant will still have time to reply to the opposition and prepare for the hearing. Furthermore, this extension gives the parties time to complete a mediation that was recently scheduled for September 13, 2022. As Defendant not only does not oppose the present motion, but also worked with Plaintiff to arrange a new briefing schedule, there is no prejudice to either party. Id., ¶ 4.

### b. The Length of Delay And Potential Impact Are Minimal

Central District Local Rule 7-9 sets the opposition deadline twenty-one days before the hearing date. The Court requires filings done before a holiday to fall on the first court day prior to that holiday. Therefore, Plaintiff should have filed his opposition by Friday, July 1, 2022. In order to minimize the delay and any potential prejudice to Defendant, Plaintiff's counsel alerted Defendant's counsel as soon as counsel realized his error, on July 7, 2022. Id., ¶ 3.

### c. Delay Was Due to Inadvertent Calendaring Error

While the delay remains the fault of Plaintiff's counsel, it was due to an inadvertent calendaring error. Plaintiff's counsel accidentally calendared the motion's reply date—fourteen days prior to the hearing, July 11, 2022, under Central District Local Rule 7-10—as the opposition deadline. Id., ¶ 2. On July 7, 2022, Plaintiff's counsel noticed the error and determined that the opposition deadline, in fact, had been

July 1, 2022, the Friday before the July 4 holiday. Id., ¶ 3. Without the holiday, the deadline would have fallen on July 4, 2022, or twenty-one days before the hearing date. Local Rule 7-9. By the time Plaintiff's counsel recognized the error, the deadline had passed six days earlier. Id.

### d. **Plaintiff Acted In Good Faith to Resolve Issue Without Prejudice to Defendant**

As soon as Plaintiff's counsel recognized the error, he arranged for the Opposition to be filed that same day. Id., ¶ 3. Furthermore, he notified defense counsel immediately, who in turn recommended that the parties request a new hearing date, along with new deadlines for responsive briefing. Id., ¶ 4. Throughout the entire process, Plaintiff acted in good faith to resolve the issue and not prejudice Defendant.

### III. CONCLUSION

Plaintiff respectfully requests that the Court accept the jointly proposed extensions to the motion to dismiss, as follows:

Opposition: July 14, 2022

Reply: August 4, 2022

Hearing: September 19, 2022 or any available dates afterwards

Respectfully Submitted,

DATED: July 8, 2022            **MARLIN & SALTZMAN, LLP**

By: s/ Joel M. Gordon
    Stanley D. Saltzman
    Joel M. Gordon

Counsel for Plaintiff and the Putative Class